CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 21 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JORGE RIVERA, | ) | |
| Plaintiff, | ) | Civil Action No. 7:09-cv-00312 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN TERRY O'BRIEN, | ) | By: Samuel G. Wilson |
| Defendant. | ) | United States District Judge |

Jorge Rivera, a federal inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Rivera complains that his constitutional rights have been violated as a result of his Bureau of Prisons ("BOP") security classification and assignment to a segregation unit. It appears to the court that Rivera's claims are more appropriately addressed in an action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested under 28 U.S.C. § 1331.[1] Accordingly, the court construes his filing as such. However, upon review of his complaint, the court finds that Rivera has failed to state a claim upon which the court can grant relief, and, therefore, the court dismisses his complaint.

I.

Rivera complains that the Bureau of Prisons ("BOP") has "unfairly" classified him as a result of "several adverse determinations against him." He argues that he has been "constantly forced into segregated housing" with only five hours out of his cell per week. He complains that he has "suffered"

---

[1] A district court is not constrained by a petitioner's style of pleading or request for relief. Hamlin v. Warren, 664 F.2d 29 (4th Cir. 1981). A habeas petition under § 2241 shall not issue to a federal prisoner unless the court concludes that he is in custody in violation of the Constitution or laws or treaties of the United States. § 2241(c)(3). The core of a habeas corpus action is a request to get out of jail immediately, or sooner than currently scheduled. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of that core" and must be raised in a civil action, pursuant to 42 U.S.C. § 1983 (by state prisoners) or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (by federal prisoners). Nelson v. Campbell, 541 U.S. 637, 643 (2004); see also Muhammed v. Close, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," whereas "requests for relief turning on circumstances of confinement may be presented" in a civil rights action); Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991) (Describing the difference between a habeas claim and civil rights claim).

these "hardships" without any notice, hearing, review, or disciplinary sanction. In reviewing the responses to his grievances which he attaches as exhibits to his petition, it appears that Rivera was convicted of conspiring to murder a "Latin Kings" gang member and upon entering the BOP, he was given a security classification which required that he be under special supervision and separated from other inmates for his safety as well as the safety of other inmates.

## II.

To the extent Rivera claims that his security classification and confinement in segregation constitutes a violation of his due process rights afforded under the Fourteenth Amendment, it fails. In order to prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such and unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Further, prisoners do not have a constitutionally recognized liberty interest in a particular security classification nor a constitutional right to be confined in a particular prison. Hewitt v. Helms, 459 U.S. 460, 468 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976). Therefore, the court finds that Rivera's allegations regarding his security classification and resulting assignment to the segregation unit fail to state a due

process claim of constitutional magnitude.

### III.

To the extent Rivera's allegations can be construed as a claim that his assignment to the segregation unit amounts to cruel and unusual punishment in violation of the Eighth Amendment, it also fails. To establish an Eighth Amendment living conditions claim, Rivera must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). While segregation conditions may be inconvenient, uncomfortable, and unfortunate, he has not alleged anything to suggest that these conditions violate contemporary standards of decency. Nor has Rivera demonstrated that because of the conditions, he has sustained a serious or significant injury or is at risk of a future injury. Therefore, he has failed to state a constitutional claim under the Eighth Amendment.

### IV.

For the stated reasons, the court dismisses Rivera's complaint without prejudice pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 21st day of August, 2009.

United States District Judge